E-FILED
Monday, 31 August, 2026 04:01:32 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **MICHAEL KEITHLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-1509** |
| | ) | |
| **VILLAGE OF SOUTH JACKSONVILLE and STEVEN HELMICH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER AND OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff Michael Keithley's Objection to the Magistrate Judge's Order Granting Defendant Village of South Jacksonville's Motion for a Protective Order (d/e 46), to which Defendant Village of South Jacksonville filed a Response/ Memorandum in Opposition (d/e 51). Because Magistrate Judge Quivey's Order (d/e 44) was not clearly erroneous or contrary to law, Plaintiff's Objection (d/e 46) is DENIED and Judge Quivey's Order (d/e 44) is AFFIRMED.

## I. BACKGROUND

Plaintiff filed the instant suit against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Steven Helmich, a police officer employed by Defendant Village of South Jacksonville, arrested Plaintiff solely because he refused to produce identification. During the arrest by Defendant Helmich, Plaintiff alleges that he suffered injuries including cuts to his wrists and tears to the tissue in his left shoulder and arm. Further, Plaintiff alleges that Defendant Helmich charged him with four offenses for which probable cause was lacking: disorderly conduct, obstructing a peace officer, resisting a peace officer, and aggravated battery to a police officer.

Magistrate Judge Long entered a Scheduling Order setting discovery deadlines on April 22, 2025. Magistrate Judge Quivey has since revised those dates at the request of the parties, with discovery extending into summer 2026.

Earlier in 2026, while discovery was ongoing, Plaintiff's counsel Jared Kosoglad emailed a Freedom of Information Act ("FOIA") request on behalf of Plaintiff to the FOIA Officer for the

Village of South Jacksonville. The emailed FOIA request sought copies of four police reports authored by Defendant Helmich.

Defendant's attorney conferred with Plaintiff's counsel and indicated that Defendant would be willing to treat the FOIA request as a Request for Production under Rule 34 of the Federal Rules of Civil Procedure. In response, Plaintiff's attorney warned that if Defendant Village of South Jacksonville did not produce the documents by the five business days deadline under Illinois' FOIA, 5 Ill. Comp. Stat. 140/3(d), then he would file an additional lawsuit against Defendant. Thereafter, Defendant Village of South Jacksonville filed a Motion for Protective Order and Supporting Memorandum of Law (d/e 38) in this case, seeking entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) barring Plaintiff from initiating FOIA requests directed to Defendant and pertaining to matters at issue in this case.

Judge Quivey granted Defendant's Motion (d/e 38) in an Order (d/e 44) that directed Plaintiff to "refrain from initiating FOIA requests to Defendant Village of South Jacksonville that pertain to matters at issue in this litigation." The instant Objection (d/e 46) by Plaintiff followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72 sets forth the standards for resolving objections to a magistrate judge's order. Subsection 72(a) applies to nondispositive matters, in which the District Court must "modify or set aside any part of the [magistrate's] order that is clearly erroneous or is contrary to law." See also 28 U.S.C. § 636(b)(1)(A) (district judge may "reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

## III. ANALYSIS

Plaintiff argues that Judge Quivey's Order (d/e 44) is contrary to law because (1) it misapplies Supreme Court precedent and displaces FOIA and (2) it does not identify any harm or good cause. For the following reasons, this Court holds that the Order (d/e 44) was not clearly erroneous or contrary to law.

First, Judge Quivey, to whom this Court referred this case for the management of discovery, correctly began his analysis with Federal Rule of Civil Procedure 26, which contains the general provisions governing discovery, including the entry of protective orders. As Judge Quivey accurately summarized in his Order, "[t]he

court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c).

Second, Judge Quivey considered the specific interplay between the rules of discovery, including Rule 26, and the Freedom of Information Act. In so doing, Judge Quivey identified the following very pointed quotations from the Supreme Court: "FOIA was not intended to supplement or displace the rules of discovery," John Doe Agency v. John Doe Corp., 493 U.S. 146, 153 (1989), and "FOIA was not intended to function as a private discovery tool" solely for litigation purposes, N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978) (emphasis in original).

Plaintiff argues that the precise factual and legal issues presented in the two Supreme Court cases cited in Judge Quivey's Order are not identical to the posture of this case. Specifically, in both John Doe Agency and Robbins Tire the focus of the Supreme Court's inquiry was FOIA's exemption from production of "records or information compiled for law enforcement purposes[.]" 5 U.S.C. § 552(b)(7). However, Judge Quivey also cited to the Seventh Circuit's application of the same principle that "FOIA is not a substitute for

discovery" in Appleton Papers, Inc. v. E.P.A., a case which did not relate to that same exception under Section 552(b)(7). 702 F.3d 1018, 1027 (7th Cir. 2012). The plaintiff in Appleton filed a separate FOIA case even though, as the Seventh Circuit opined, "[plaintiff's] real complaint seem[ed] to be the district court's denial of its discovery request" in another case. Id. The Seventh Circuit held that the plaintiff could "not make this argument in a FOIA case" but rather "must make it in actual litigation" under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Id. at 1026.

Therefore, Judge Quivey's conclusion that Plaintiff in this case should not use FOIA requests issued directly to Defendant Village of South Jacksonport in place of discovery requests served upon counsel was neither clearly erroneous nor contrary to law as established by both Seventh Circuit and Supreme Court precedent.

Finally, the protective order issued by Judge Quivey was justified by good cause, as required under Rule 26(c). A court may issue a protective order to protect a party from, inter alia, "undue burden or expense[.]" Fed. R. Civ. P. 26(c); see also Fed. R. Civ. P. 26(b) (governing discovery scope and limits and directing the court

to consider whether "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Here, Plaintiff's insistence on obtaining police reports through FOIA rather than through standard discovery procedures in this case would place an undue burden on Defendant Village of South Jacksonville and on defense counsel by imposing a deadline of five business days, rather than the 30 days allowed by Rule 34(b)(2)(A). See 5 Ill. Comp. Stat. 140/3(d), cf. Fed. R. Civ. P. 34(b)(2)(A). Judge Quivey's Order that Plaintiff "shall refrain from initiating FOIA requests to Defendant Village of South Jacksonville that pertain to matters at issue in this litigation" was therefore justified by good cause and was sufficiently limited in its scope to this litigation only.

## IV. ANALYSIS

For the foregoing reasons, Plaintiff's Objection to the Magistrate Judge's Order Granting Defendant Village of South Jacksonville's Motion for a Protection Order (d/e 46) is DENIED and Judge Quivey's Order (d/e 44) is AFFIRMED.

A ruling on Plaintiff's Rule 702 Motion to Exclude the Testimony of Defendants' Expert Witness Mark S. Lamb (d/e 41) will issue by separate Order.

**IT IS SO ORDERED.**
**ENTERED: August 31, 2026.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**